Curia, per

Evans, J.
On the non-payment of the money due on the bond, the mortgage because absolute and the negroes belonged to Wightman, subject to the equity of redemption. To the extent of their value they were a payment on the bond. No evidence of value was offered, except the price for which they were sold. The negroes, when Wightman took possesion of them, were his own property, and for that reason he cannot be charged with hire up to the time of sale ; all that the defendant can ask is, that the bond be credited with their value, at the time they went into Wightman’s possession. Adopting this rule, then there was a balance due of the principal, besides a year’s interest, making in all about $200. This sum the plaintiff was entitled to recover with interest, unless the defendant has paid it. No legal presumption of payment can arise under 20 years; short of that time is only a circumstance which connected with other facts, leads the mind to the conclusion that the debt has been paid. From the sale of the negroes only about 8 years elapsed, before the bringing of this action.- The executor of Wightman proved, as fully as any fact can be proved negatively, that the bond had not been paid, and assigns what would seem to be a very satisfactory reason why it had not been sooner sued. The case of Quash vs. Pinckney, 3 M’Cord, 340, was a much stronger case than this. There, there was an interval of about 14 years during which no demand had been made of payment, with other circumstances inconsistent with the fact that the debt was unpaid. The verdict of a jury is always entitled to respect, but in the enforcement of contracts, where there is nothing to warrant the finding of the j ury, the case should be sent back for the considera *360 tion of another jury. The motion for a new trial is therefore granted.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.